1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10
11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| BILL HERNANDEZ,⁣ ) | Case No. CV 13-03393 (SH) |
|        Plaintiff,⁣ ) | MEMORANDUM DECISION |
|      v.⁣ ) | AND ORDER |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
|        Defendant.⁣ ) | |

22
23
24
25
26
27
28

     This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief; Defendant's Brief); and the defendant has filed the certified transcript of record.

After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On November 3, 2010, plaintiff Bill Hernandez filed an application for a period of disability or Disability Insurance Benefits, alleging an inability to work since February 8, 2010 due to heart attack, hypertension, high blood pressure and diabetes. (See Administrative Record ["AR"] 116-22, 128-38). On January 12, 2012 (following a hearing on December 5, 2011, <u>see</u> AR 40-59), an Administrative Law Judge ("ALJ") issued a decision. The ALJ determined that plaintiff had severe impairments -- "dilated cardiomyopathy with compensated chronic heart failure, NYHA 2C; diabetes mellitus, controlled with chronic kidney disease stage 3; and morbid obesity" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (<u>See</u> AR 21-27).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (<u>see</u> AR 1-6), plaintiff filed this action in this Court.

Plaintiff makes two challenges to the 2012 Decision. Plaintiff alleges the ALJ erred in (1) failing to properly reject the opinions from plaintiff's treating physicians, and (2) failing to properly reject plaintiff's testimony.

For the reasons discussed below, the Court finds that plaintiff's first claim of error has merit. Since the matter is remanded for further proceedings based on plaintiff's first claim of error, the Court will not address plaintiff's second claim of error.

## DISCUSSION

### ISSUE NO. 1:

Plaintiff asserts that the ALJ improperly rejected the opinions of plaintiff's treating physicians at East Valley Community Health. Defendant argues that the ALJ gave proper reasons for rejecting those opinions.

A treating physician's opinion is entitled to special weight.  <u>Fair v. Bowen</u>, 885 F.2d 597, 605 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. §§ 404.1527, 416.927(b)-(d). "The [Commissioner] may disregard the treating physician's opinion whether or not that opinion is contradicted."  <u>Magallanes</u>, <u>supra</u>.  A treating physician's medical opinion unsupported by described medical findings, personal observations, or test results may be rejected. <u>See</u> <u>Batson v. Comm'r of Soc. Sec.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004); <u>Burkart v. Bowen</u>, 856 F.2d 1335, 1339 (9th Cir. 1988).

According to an East Valley Community Health Center Adult Episodic Visit form, plaintiff was evaluated on December 7, 2010.  The person who completed the form noted that plaintiff had an implanted defibrillator, diagnosed plaintiff with chronic debilitating heart disease, and opined that plaintiff had the following limitations: no lifting; no exertion; no bending/squatting; no carrying; no traveling; and no prolonged standing. (<u>See</u> AR 280).

In a form entitled "Medical Opinion Re: Ability to do Work-Related Activities (Physical)" dated August 4, 2011, Benito R. Contreras, a physician's assistant at East Valley Community Health Center, opined that plaintiff had the following limitations: a maximum ability to lift and carry 10 pounds on an occasional basis (no more than 1/3 of an 8-hour day) and on a frequent basis (1/3 to 2/3 of an 8-hour day); a maximum ability to stand and walk and to sit less than 2 hours during an 8-hour day; could sit only 10 minutes before changing position; could stand only five minutes before changing position; every 10 minutes must walk around for 10 minutes; often must lie down at unpredictable intervals; can twist occasionally; can rarely stoop or bend; cannot crouch, climb stairs or ladders; must avoid concentrated exposure to extreme cold, wetness,

humidity and noise; must avoid moderate exposure to extreme heat, noise and fumes/odors/dusts/gases/poor ventilation; and must avoid all exposure to hazards (machinery, heights, etc.). (See AR 489).

The ALJ gave little weight to the December 2010 opinion, based on the grounds that "one cannot tell from the signature whether the opinion is that of an acceptable medical source, and the opinion is not supported by objective medical evidence." (See AR 25). The ALJ also gave little weight to the August 2011 opinion, based on the grounds that "it is not from a medically acceptable source, and it does not include consideration of the improvement in the claimant's condition as demonstrated by both objective and subjective evidence in the record." (See id.).[1]

While it is not clear who provided the December 2010 opinion, it clearly was not given by the nurse who completed the nursing intake portion at the top of the form (see AR 280). Although the person who gave the opinion could have been an acceptable medical source, the ALJ at the administrative hearing did not make any inquiry about it (see AR 40-54). See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). Moreover, the ALJ's second reason for rejecting the December 2010 opinion -- that it was not supported by objective medical evidence-- was insufficient. The ALJ failed to identify what objective medical evidence did not support that opinion. See Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)("Merely to state that a medical opinion is not supported by enough

---

[1] The ALJ found that plaintiff had the Residual Functional Capacity to perform light work with the following limitations: lifting or carrying 10 pounds frequently and 20 pounds occasionally; sitting for 8 hours in an 8-hour workday; standing or walking for 2 hours in an 8-hour workday, for 15 to 30 minutes at a time with normal breaks; climbing stairs, bending or stooping occasionally; no climbing ladders, ropes or scaffolds, balancing, or working at unprotected heights; and working in an air-conditioned work environment. (See AR 23-25).

objective findings 'does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.'").

Moreover, the ALJ's reasons for rejecting the August 2011 opinion were insufficient.  Contrary to the ALJ's finding, a physician's assistant is an acceptable source to show the severity of an impairment and how it affects a claimant's ability to work.  See 20 C.F.R. § 404.1513(d)(1).  In addition, the ALJ failed to specify what objective and subjective medical evidence did not support that opinion.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: March 20, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE